Daniel, Judge,
having stated the case, proceeded as follows : Our statute (see 1 Rev. Stat. ch. 34, sec. 5) is as follows : “ Any person who shall ravish and carnally know any female of the age of ten years or more, by force or against her will, or who shall unlawfully and carnally know and abuse any female. child under the age of ten years, shall be adjudged guilty of felony,, and shall suffer death without benefit of clergy.” That part of our statute which relates to the abuse of a female child, is merely taken from the fourth section of the statute of 18 Eliz. ch. 7. That section of the English statute declares, “ That if any person shall unlawfully and carnally know and abuse any woman child, under the age of ten years,” &c. The form of an indictment, good under the English statute, we think, must be good under our act, which is so near a copy of the English statute. We have examined in several books of practice in Crown cases, the precedents of indictments for rape on infant females under the age of Jen years. In the form in Stubb’s Cr. C. 612, and also that in Archb. C. P. 373, she is stated as “ cm infant under the age of ten years.” The words “ woman child,” are not inserted in any part of the forms given by these authors. The form in 3 Cjhitty’s Grim. Law 816, does contain the very words of the statute, “ in and, upon E. P., spinster, a woman child, under the age of ten years,” &.c Mr. Chitty, in a note says, “sometimes the words woman child are omitted, but it seems better to follow the words of the statute.” These remarks of his are given to the profession from abundant caution ; — he' does not pretend, that there ever has been any adjudication demanding the insertion of these words in the indictment. When we read the sentence in the indictment, and arrive at the personal pronoun her, it seems to us, it is sufficiently certain that the person mentioned as abused, is no other than a female. This pronoun “ her,” agrees grammatically with its antecedent, Mary M. Cook, in gender, number and person. Secondly, in indictments for offences against the person or
20 *154 property of individuals in England, no addition to the names °f those individuals is requisite; 2 Hale, 182; and it has been said, if stated it need not be proved. Rex v. Graham, 2 Leach 547. Rex v. Ogilvie, 2 Car. & P. 230. Archb. Crim. p. 31. The objection that the addition of “ spinster,” the name of Mary M. Cook, was omitted in the indictment, has no weight. We have looked through the whole record, and there does not appear to us any thing why judgment should not have'been rendered for the State against prisoner. The judgment rendered by the Superior Court of law for the county of Cumberland in this case, is by (jourt reversed. This opinion will be certified to the said Superior Court of Cumberland county, that judgment of death may be there given for the State against the prisoner according to law.
ments'for persons or fndmdu-° ditíon°to^" dividuals is requisite,
Per Curiam. Judgment reversed. '